BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
ALIX R. SANDMAN (Cal. Bar No. 313430)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6772
    Facsimile: (213) 894-0141
    Email: alix.sandman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUAN ALONSO HERNANDEZ ENRIQUE, <br><br> Defendant. | No. 5:25-cr-00037-SSS-2 <br><br> GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT JUAN ALONSO HERNANDEZ ENRIQUE <br><br> Sentencing Date: 4/18/2025 <br> Sentencing Time: 10:00 a.m. <br> Location: Courtroom of the Hon. Sunshine S. Sykes |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Alix R. Sandman, hereby files its sentencing position for defendant Juan Alonso Hernandez Enrique.

    The government's position regarding sentencing is based upon the attached memorandum of points and authorities and exhibits, the files and records in this case, and any other evidence or argument

1

that the Court may wish to consider at the time of sentencing. As of the date of this filing, the modified Presentence Report has not been made available to the parties. The government respectfully requests the opportunity to supplement its position based on the modified PSR or respond to defendant as may become necessary.

Dated: April 4, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*/s/ Alix R. Sandman*
ALIX R. SANDMAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On March 28, 2025, defendant Juan Alonso Hernandez Enrique pleaded guilty to count four of the indictment in this case, which charged him with a violation of 8 U.S.C. § 1326(a), Illegal Alien Found in the United States Following Deportation.

Pursuant to the terms of the plea agreement filed in this case, the parties have stipulated to a total offense level of 2 based on the following calculation: a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a), minus 2 levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and minus 4 levels pursuant to a downward departure for early disposition under U.S.S.G. § 5K3.1.

The government currently estimates that defendant's criminal history places him in criminal history category I.  Based on defendant's estimated criminal history and total offense level of 2, the resulting guidelines are 0 to 6 months' imprisonment.[1] Consistent with the government's agreement to recommend a mid-range sentence in the plea agreement, the government accordingly recommends that the Court impose the following sentence: (1) a 3-month term of imprisonment; (2) a one-year period of supervised release; and (3) a $100 special assessment.

---

[1] The United States Probation and Pretrial Services Office ("USPPSO") has not disclosed a modified Presentence Report ("PSR") with the defendant's criminal history calculation.  The government reserves the right to adjust its recommendation should the USPPSO determine that defendant is in a different criminal history category than the government currently anticipates.  The government also reserves the right to supplement its position based on any information included in the forthcoming modified PSR.

## II. FACTUAL BACKGROUND

The parties agreed to the following factual basis in support of the plea:

Defendant, a citizen of Mexico, was at all times relevant to this plea agreement an alien, that is, not a natural-born or naturalized citizen, or national, of the United States. Defendant was lawfully deported or removed from the United States on or about November 28, 2022 and December 25, 2022. Subsequent to defendant's most recent deportation or removal, defendant knowingly and voluntarily re-entered and thereafter remained in the United States. Defendant did so without the consent of the Attorney General or his designated successor, the Secretary of the Department of Homeland Security, or of any authorized representative of either the Attorney General or that Department, to reapply for admission or to otherwise re-enter and remain in the United States. After defendant re-entered and remained in the United States, on or about January 28, 2025, defendant was found in San Bernardino County, within the Central District of California. Defendant was found by law enforcement after he had physically crossed the border of the United States.

## III. VICTIM IMPACT STATEMENT

The government is also filing an impact statement from a victim BNSF Railway[2] in this case, for the Court's review. See Exhibit A.

---

[2] As part of the plea agreement, the government agreed to dismiss count one (possession of goods stolen from interstate shipment, in violation of 18 U.S.C. § 659) and count two (removing goods from customs custody, in violation of 18 U.S.C. § 549) of the indictment, related to the theft of goods from a BNSF train. See 18 U.S.C. § 3771(e)(2) (For purposes of the right to be reasonably heard under the Crime Victims' Rights Act, a victim is "a person directly and proximately harmed as a result of the commission of a Federal offense."); 1 U.S.C. § 1 ("person" includes "corporations"); 18 U.S.C. § 3661 ("No limitation shall be placed on the information

2

**IV. ARGUMENT**

    **A.   GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on a total offense level of 2 and, assuming a criminal history category of I, the resulting advisory range is 0 to 6 months' imprisonment. The government respectfully recommends that the Court impose a mid-range sentence of 3 months' imprisonment, followed by a one-year period of supervised release, and a special assessment of $100. This sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

The recommended sentence reflects the seriousness of defendant's crime. Defendant illegally reentered the United States repeatedly after having been deported or removed. Defendant's repeated returns to the United States following deportation reflect a lack of respect for the law and support the government's request for mid-range Guidelines sentence. The recommended sentence of 3 months' imprisonment would also serve to promote respect for immigration and criminal laws, deter defendant and others from illegally re-entering the United States, and protect the public from future crimes by this defendant.

These concerns, however, must be balanced against the mitigating factors in this case, particularly defendant's early acceptance of responsibility and acknowledgment of guilt. This

---

concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). To be clear, the government stands by its recommendation that a mid-range sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

results in a benefit to the government and the judicial system by promoting finality and reducing the resources that must be devoted to this case, while also diminishing, to some extent, the likelihood of recidivism. For these reasons, the government has agreed to recommend an early disposition departure and a sentence at the mid-range of the advisory Guidelines range, followed by a one-year term of supervised release.

The Sentencing Guidelines advise that sentencing courts ordinarily should not impose a term of supervised release for aliens who are likely to be deported after a period of imprisonment. See U.S.S.G. § 5D1.1(c). The commentary provides that "[t]he court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." U.S.S.G. § 5D1.1, cmt. n.5. In this case, defendant will likely be deported following his term of imprisonment. However, for the following reasons, the government urges the Court to impose a one-year term of supervised release, as the parties stipulated in the plea agreement.

District courts have wide latitude in imposing conditions of supervised release. United States v. Blinkinsop, 606 F.3d 1110, 1118 (9th Cir. 2010); United States v. Weber, 451 F.3d 552, 557 (9th Cir. 2006). The Sentencing Guidelines, tracking the language of 18 U.S.C. Section 3553(a) concerning imposition of sentence, recognize this broad discretion:

> The [district] court may impose other conditions of supervised release to the extent that such conditions are (1) reasonably related to (A) the nature and circumstances

>of the offense and the history and characteristics of the
>defendant; (B) the need for the sentence imposed to afford
>adequate deterrence to criminal conduct; (C) the need to
>protect the public from further crimes of the defendant;
>(D) the need to provide the defendant with needed
>educational or vocational training, medical care, or other
>correctional treatment in the most effective manner; and
>(2) involve no greater deprivation of liberty than is
>reasonably necessary for the purposes set forth above and
>are consistent with any pertinent policy statements issued
>by the Sentencing Commission.

U.S.S.G. § 5D1.3(b).

In this case, a one-year term of supervised release is specified in the binding plea agreement, and the parties' bargain should be honored. (Plea Agreement, ¶ 14). The imposition of supervised release would provide an "added measure of deterrence and protection," that is warranted under the facts of this case. See U.S.S.G. § 5D1.1, cmt. n.5. Given defendant's prior deportations, the imposition of a one-year supervised release term would provide a needed additional incentive for defendant to refrain from unlawfully returning to the United States. If defendant were unlawfully to re-enter, the terms of defendant's supervised release could be deemed violated. There would be no greater deprivation of liberty than necessary and no undue expenditure of USPPSO resources because there would be no reporting requirement for defendant unless he actually returned to the United States.

The imposition of supervised release here would be reasonably related to the goal of deterrence, protection of the public, and

5

involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release.  Since the Sentencing Guidelines are advisory only, and in light of the broad discretion afforded the Court in this area, the government recommends that the Court find, consistent with the commentary to Section 5D1.1, that supervised release is appropriate under the facts and circumstances of this case.  See United States v. Apodaca, 641 F.3d 1077, 1081 (9th Cir. 2011) (Sentencing Guidelines for supervised release are advisory only); Blinkinsop, 606 F.3d at 1118; Weber, 451 F.3d at 557.  Accordingly, in addition to a three month term of imprisonment, this Court should impose a one-year term of supervised release.

**V.    CONCLUSION**

For the reasons stated above, the government respectfully requests that the Court impose a sentence of 3 months' imprisonment, followed by a one-year period of supervised release, and a mandatory special assessment of $100.