CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Chad Pennington (Bar No. 354831)
E-Mail: Chad_Pennington@fd.org
Deputy Federal Public Defender
3801 University Avenue, Suite 700
Riverside, California  92501
Telephone:  (951) 276-6346
Facsimile:  (951) 276-6368

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JESUS OMAR LOPEZ-QUINTERO<br><br>　　　　Defendant. | Case No. 5:25-CR-00037<br><br>Defendant's Sentencing Position<br><br>Sentencing Hearing Date & Time<br>April 4, 2025, at 10:00 a.m. |

Defendant, Jesus Omar Lopez-Quintero, by and through counsel, Deputy Federal Public Defender Chad Pennington, hereby requests a custodial sentence of time-served, with one year of supervision to follow. As set forth below, Mr. Lopez believes the recommended time-served sentence best serves the statutory goals of sentencing set forth in 18 U.S.C. § 3553(a).

//

//

//

**Supporting Memorandum**

## I. Introduction

The parties have entered a "fast-track" plea agreement whereby Mr. Lopez will receive a four-level offense reduction pursuant to U.S.S.G. § 5K3.1, in exchange for timely acceptance of responsibility. *See* ECF No. 31, p. 6. That "fast-track" reduction lowered Mr. Lopez's sentencing guidelines range in addition to the standard two-level acceptance of responsibility offense level reduction. *See id.*; *see also* U.S.S.G. § 3E1.1(a). The parties agreed to an adjusted final offense level of 6. *See* ECF No. 31, p. 6. The parties further agreed to a modified presentence report, to expedite the matter for sentencing. To-date, Mr. Lopez's criminal history score has not been calculated. Therefore, currently, United States Probation has not proposed an adjusted sentencing guidelines range.

## II. Background

On March 28, 2025, Mr. Lopez plead guilty to count three of the indictment charging him under 18 U.S.C. § 1326(a), illegal reentry into the United States after a prior order of removal. *See* ECF No. 29; *see also* ECF No. 15, p. 4. The parties agree the remaining counts alleged in the indictment will be dismissed. Mr. Lopez agrees with the parties' factual basis. *See* ECF No. 31, pp. 5-6. On February 6, 2025, the Court held Mr. Lopez's initial appearance in this matter, and the Magistrate Judge ordered him detained pending trial and the conclusion of the case. ECF Nos. 3, 10. As a result, at the time of Mr. Lopez's sentencing hearing before this Court, on April 18, 2025, Mr. Lopez will have served 71-days of federal criminal custody, or approximately two-and-a-thirds months of custody. Mr. Lopez believes that custodial period is sufficient, and more custodial time would be greater than necessary.

## III. Legal Standard

"[S]entencing is an art, not to be performed as a mechanical process but

as a sensitive response to a particular person who has a particular personal history and has committed a particular crime." *United States v. Harris*, 679 F.3d 1179, 1183 (9th Cir. 2012). The Supreme Court's instruction that the advisory sentencing guidelines should be the "benchmark" of a sentencing court's analysis, *see Gall v. United States*, 128 S. Ct. 586 (2007), also reflects the recognized proposition that the sentencing guidelines range may or may not reflect an appropriate outcome.

### IV.  Sentencing Position

Section 3553(a), warrants the recommended time-served custodial term and the recommend supervised release period to follow. Assuming *arguendo* that the government's calculated sentencing guidelines range is correct, *see* ECF No. 34  p. 3, and Mr. Lopez's sentencing guidelines range is 2-8 months, the time-served sentence is slightly greater than the low-end term of 2 months. Thus, the proposed sentence of time-served, is within the guidelines, and is thus reasonable. Indeed, Mr. Lopez asks the Court to exercise no greater discretion than what is prescribed in the likely sentencing guidelines range.

As to the statutory sentencing factors, Mr. Lopez will likely face removal proceedings after this criminal case concludes, before an executive branch, immigration tribunal. That removal period after this case will likely impose at least a modicum of additional custody while the immigration proceeding resolves (even if Mr. Lopez does not contest his removal). Applying *Harris*, for this particular defendant committing this particular offense, a sentence at the low-end, rather than the middle of the sentencing guidelines, better reflects and accounts for the future detention that will likely follow in immigration custody.

Finally, Mr. Lopez asks the Court to not consider the government's offered victim impact statement, contained in exhibit A of its sentencing position.

*See* ECF No. 34, Ex. A. The statement and its references to a larger criminal enterprise are unsupported and prejudicial to Mr. Lopez's sentencing.

Specifically, the government has offered a statement on behalf of the BNSF Railway Police Department. The railroad police entity claims that "an organized transnational criminal syndicate has been burglarizing" BNSF trains over the last 15-years. *See* ECF No. 34, Ex. A, p. 2. The corporate victim statement goes far beyond the parties' stipulated factual basis and implicates factual matters beyond the temporal scope of the suffered harm and the admitted conduct at issue. Mr. Lopez would contest that he is a member of an "organized transnational criminal syndicate" or that he has been part of a larger effort to target BSNF railways over a protracted, targeted period. A victim impact statement, assuming *arguendo* BNSF police is a statutory victim, relates to the crime at issue, not the harm suffered generally or by a victim many years before the instant proceeding and when the crime occurred. Regrettably, BNSF may have lost cargo and revenues over the last 15-years due to acts of theft from organized crime, but there is no basis for extended 15-year liability to be imputed upon Mr. Lopez To that end, a statutory victim has a right to be "reasonable heard" but not to express generalized societal grievances or to express frustration over past crimes, many years before the conduct at issue, it may have suffered from that do not implicate the charged defendant. To do so invites a sentencing court to consider prejudicial sentencing material with limited probative value as to what occurred in the matter at bar. Mr. Lopez should not have his sentencing hearing prejudiced and a higher custodial term possibly imposed based upon robberies committed against BNSF many years ago for which he did not, nor could not, participate in.

Finally, Mr. Lopez has a constitutional right to be sentenced based on reliable information, and his alleged connection to a larger "transnational"

4

criminal enterprise, targeting BNSF is not reliable as a permissible sentencing fact. *See e.g., United States v. Franklin*, 18 F.4th 1105, 1115 (9th Cir. 2021) (the Court holding that "evidence against a defendant in a sentencing hearing must bear sufficient indicia of reliability . . . ."). Indeed, procedurally, a victim letter is not an appropriate basis to introduce new offense conduct or factual allegations beyond the scope of the agreed upon facts in a factual basis plea agreement or the unobjected to portions of the PSR. Indeed, Federal Rule of Criminal Procedure 32(i)(B)-(C) has a specific procedure for the introduction of new information beyond the PSR, and it is not through victim impact statements: "At sentencing, the court: must give to the defendant and an attorney for the government a written summary of— or summarize in camera—any information excluded from the presentence report under Rule 32(d)(3) on which the court will rely in sentencing, and give them a reasonable opportunity to comment on that information" and as it relates to a victim statement "[u]pon a party's motion and for good cause, the court may hear in camera any statement made under Rule 32(i)(4)."). Minimally, victim impact material that adds to or contradicts a factual basis or the factual description in the PSR should be submitted in camera for the Court's review here. It cannot simply be offered as a victim letter.

## Conclusion

Mr. Lopez respectfully requests a custodial term of time-served followed by a period of supervision under § 3553(a).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 4, 2025          By /s/ Chad Pennington

Deputy Federal Public Defender

5